**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

JASON FARRELL,
Plaintiff,
v.
CITY OF ESCONDIDO et al.,
Defendants.

Case No.: 25-cv-03351-DMS-GC

**ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS* AND DISMISSING PLAINTIFF'S BANE ACT AND *MONELL* CLAIMS WITH LEAVE TO AMEND**

On November 28, 2025, Plaintiff Jason Farrell, proceeding *pro se*, filed this action against the City of Escondido and Escondido Police Officers Does 1–10 (collectively, "Defendants"). (Compl., ECF No. 1).[1] Plaintiff alleges violations of the Fourth Amendment through 42 U.S.C. § 1983 and California's Bane Act. (Compl. 3–4); Cal. Civ. Code § 52.1 (West 2026). On December 1, 2025, Plaintiff filed a Motion to Proceed *In Forma Pauperis* ("Motion"), which is currently pending before the Court. (Mot., ECF No. 2). For the following reasons, the Court grants Plaintiff's Motion and *sua sponte* dismisses the Bane Act and *Monell* claims with leave to amend.

## I. MOTION TO PROCEED *IN FORMA PAUPERIS*

[1] Although the pages of the Complaint appear out of sequence on the docket, the Court cites to them as labeled at the bottom of each page.

Parties instituting a civil action in a United States district court must pay a filing fee of $405. 28 U.S.C. § 1914(a)–(b).[2] However, a court may authorize a party to proceed *in forma pauperis* ("*IFP*") without the prepayment of fees if the party submits an affidavit demonstrating their inability to pay. § 1915(a)(1); *see* CivLR 3.2(a) (listing specific requirements for the affidavit). Although a party need not be "absolutely destitute" to proceed *IFP*, they must "allege poverty with some particularity, definiteness and certainty" such that they could not "pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citation modified).

Plaintiff's Motion consists of an Application to Proceed in District Court Without Prepaying Fees or Costs (Form AO 239). (Mot. 1). Plaintiff reports that he lost his job in November 2025 and expects no future income besides $0.75 in interest or dividends and $192 in public assistance. (Mot. 1–2, 5). Plaintiff reports that he has $1,140 across two bank accounts and a fifth wheel trailer worth $1,000. (*Id.* at 2–3). Plaintiff does not allege any other assets and itemizes monthly expenses totaling $2,168. (*Id.* at 4–5). The Court finds that Plaintiff has sufficiently demonstrated that he cannot "pay the court costs and still afford the necessities of life." *Escobedo*, 787 F.3d at 1234. Accordingly, the Court grants Plaintiff's Motion to Proceed *IFP*.

## II. *SUA SPONTE* SCREENING

### A. Background

Plaintiff alleges that on November 29, 2024, he left work as a school crossing guard and went to the Escondido Police Station. (Compl. 2). Plaintiff intended to visit the fire department merchandise area on the third floor, which he had been told was open to the public. (*Id.* at 2). According to Plaintiff, when he arrived, he was granted access to the elevator by a first-floor staff member. (*Id.*). Upon arriving on the third floor, Plaintiff

---

[2] The $405 fee consists of a $350 filing fee mandated by § 1914(a) and a $55 administrative fee prescribed by the Judicial Conference of the United States pursuant to § 1914(b). *See* Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023). However, the filing fee for an application for a writ of habeas corpus is $5. § 1914(a).

alleges he was greeted by an employee and expressly told he was allowed to take photos of the items displayed on the wall. (*Id.*). After several minutes, an officer allegedly appeared, stared at Plaintiff for a few seconds, and withdrew without explanation. (*Id.* at 2–3). A few minutes later, Plaintiff alleges that seven to ten police officers confronted Plaintiff and demanded his identification, which he refused to give them. (*Id.* at 3). According to Plaintiff, the officers then stopped his photography, placed him in handcuffs, and forced him into the stairwell area, where they took his photograph and driver's license. (*Id.*). Plaintiff alleges the officers then forcibly removed his personal items, escorted him downstairs, subjected him to "coercive questioning," and forced him to perform sobriety tests. (*Id.*). Plaintiff states that he was then released without citation, arrest, or charges. (*Id.*). Plaintiff alleges that this incident caused him to suffer fear, humiliation, intimidation, emotional distress, handcuff marks on his wrists, and ongoing anxiety. (*Id.*).

Plaintiff brings this action and asserts four claims: (1) a § 1983 claim against unnamed officers for unlawful detention, seizure, and excessive force in violation of the Fourth Amendment; (2) a § 1983 claim against unnamed officers for failure to intervene; (3) a Bane Act claim against all Defendants for interference with his constitutional rights through threats, intimidation, and coercion; and (4) a *Monell* claim against the City of Escondido ("the City"). (Compl. 3, 4, 5); *see Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978).

**B. Legal Standard**

Under 28 U.S.C. § 1915(e)(2), the Court must screen an *IFP* complaint and dismiss the case if, at any time, it determines that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (confirming § 1915(e)(2)(B) applies to non-prisoners as well). A complaint "is frivolous where it lacks an arguable basis either in law or in fact" and malicious where "it was filed with the intention or desire to harm another." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005) (citation modified).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Accordingly, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In reviewing the plausibility of a complaint on a motion to dismiss, a court must "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Finally, dismissal is warranted when the plaintiff seeks monetary relief against an immune defendant, as long as the court "has sufficient information to make a determination on immunity." *Chavez v. Robinson*, 817 F.3d 1162, 1167 (9th Cir. 2016).

**C. Discussion**

Plaintiff's Complaint does not appear to be frivolous or malicious. As such, the Court examines each cause of action to determine whether Plaintiff has stated a claim on which relief may be granted.

1. <u>Section 1983 Fourth Amendment Claim</u>

Plaintiff's first cause of action is a § 1983 claim against the unnamed officers for unlawful detention, seizure, and excessive force in violation of the Fourth Amendment. (Compl. 3–4). Plaintiff alleges he was detained without reasonable suspicion and that the "use of handcuffs, physical force, photography, & coercive questioning constituted a de facto arrest requiring probable cause." (*Id.*). The Fourth Amendment protects against unreasonable searches and seizures. U.S. Const. amend. IV. "Police officers may conduct a brief, investigative stop of an individual when they have reasonable suspicion that the 'person apprehended is committing or has committed a criminal offense.'" *Reynaga Hernandez v. Skinner*, 969 F.3d 930, 937 (9th Cir. 2020) (citation modified) (citing *Terry*

*v. Ohio*, 392 U.S. 1 (1968)). Here, Plaintiff alleges he was photographing a publicly accessible display with express permission when the officers confronted him. (Compl. 2–3). As such, he has plausibly alleged that the officers lacked a "'particularized and objective basis' for suspecting criminal wrongdoing." *Reynaga*, 969 F.3d at 937 (quoting *United States v. Arvizu*, 534 U.S. 266, 273 (2002)). "To determine whether a *Terry* stop has escalated into a full-blown arrest, [courts] evaluate the severity of the intrusion, the aggressiveness of the officer's actions, and the reasonableness of the officer's methods under the circumstances." *Reynaga*, 969 F.3d at 940. Plaintiff's assertion that he was handcuffed and forced downstairs, taken as true, is enough to plausibly allege an arrest. (Compl. 2–3); *see Washington v. Lambert*, 98 F.3d 1181, 1188 (9th Cir. 1996) ("Handcuffing substantially aggravates the intrusiveness of an otherwise routine investigatory detention and is not part of a typical *Terry* stop." (citation modified)). Furthermore, Plaintiff has plausibly alleged that the officers lacked probable cause, a higher standard than reasonable suspicion. *United States v. Willy*, 40 F.4th 1074, 1080 (9th Cir. 2022). Finally, Plaintiff alleges that the officers used excessive force in violation of his constitutional rights. (Compl. 3). The relevant question here "is whether the officers' actions [were] objectively reasonable in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Graham v. Connor*, 490 U.S. 386, 397 (1989) (citation modified). The evaluation of reasonableness "requires a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake." *Id.* at 396 (citation modified). Plaintiff alleges that the officers handcuffed him and forcibly escorted him without any evidence of criminal wrongdoing, causing him to suffer handcuff marks on his wrists. (Compl. 3). Taking these allegations as true, there does not appear to have been a countervailing governmental interest in applying force against a compliant individual not suspected of criminal wrongdoing. Accordingly, Plaintiff has plausibly alleged his first cause of action under the Fourth Amendment.

2. <u>Section 1983 Failure to Intervene Claim</u>

Plaintiff's second cause of action is a § 1983 claim against the unnamed officers for a failure to intervene in the "unlawful detention, excessive force, & coercive conduct." (Compl. 4). "Police officers have a duty to intercede when their fellow officers violate the constitutional rights of a suspect or other citizen." *Cunningham v. Gates*, 229 F.3d 1271, 1289 (9th Cir. 2000) (citation modified). However, officers may be held liable "only if they had an opportunity to intercede." *Id.* Here, Plaintiff alleges that seven to ten officers were present throughout the incident but failed to prevent the unconstitutional conduct. (Compl. 2–3). Unlike situations that occur within a matter of seconds, Plaintiff describes a prolonged encounter involving handcuffing, escorting, questioning, and sobriety testing. (*Id.*). Thus, Plaintiff has plausibly alleged a failure to intervene and this derivative claim likewise survives screening.

3. <u>Bane Act Claim</u>

Plaintiff's third cause of action, brought against all Defendants, alleges a violation of California's Bane Act. (Compl. 4–5); Civ. § 52.1. The Bane Act provides a cause of action against anyone who "interferes by threat, intimidation, or coercion, or attempts to interfere by threat, intimidation, or coercion, with the exercise or enjoyment by any individual or individuals of rights secured by the Constitution or laws of the United States, or of the rights secured by the Constitution or laws of [California]." Civ. § 52.1(b)–(c). However, this state-law claim seeking damages against a public entity or its employees must comply with California's Government Claims Act. Cal. Gov't Code §§ 905, 945.4, 950.2 (West 2026); (*see* Compl. 5 (requesting general, special, statutory, and punitive damages)). Claims relating to personal injury must be presented to the public entity within "six months after the accrual of the cause of action" and an application to present a late claim must be filed "within a reasonable time not to exceed one year after the accrual of the cause of action." Cal. Gov't Code §§ 911.2(a), 911.4(a)–(b) (West 2026). "[F]ailure to allege facts demonstrating or excusing compliance with the claim presentation requirement subjects a claim against a public entity to a [motion to dismiss] for failure to

state a cause of action." *California v. Superior Ct.*, 90 P.3d 116, 119 (Cal. 2004). Here, Plaintiff has not alleged that he timely presented his claim to the City or that he is excused from doing so. Accordingly, the Court dismisses Plaintiff's Bane Act claim with leave to amend.

4. Section 1983 *Monell* Claim

Plaintiff's fourth cause of action is a *Monell* claim alleging that the City "maintained policies, customs, or failures in training that caused Plaintiff's injuries, including: unlawful ID demands without RS, misuse of handcuffs inside public buildings, failure to train officers on First Amendment photography rights, approval of intimidation-based policing within the station, inadequate supervision of officers' conduct." (Compl. 5); *see Monell*, 436 U.S. 658. "To establish municipal liability under *Monell*, [Plaintiff] must prove that (1) he was deprived of a constitutional right; (2) the municipality had a policy; (3) the policy amounted to deliberate indifference to [his] constitutional right; and (4) the policy was the moving force behind the constitutional violation." *Lockett v. County of Los Angeles*, 977 F.3d 737, 741 (9th Cir. 2020). A policy is "a deliberate choice to follow a course of action [] made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986). A policy can come in the form of an expressly adopted official policy, a longstanding practice or custom, or ratification by an official with final policymaking authority. *Gordon v. County of Orange*, 6 F.4th 961, 973–74 (9th Cir. 2021). Here, even construing the Complaint liberally, Plaintiff does not allege the existence of an official policy, a "permanent and well settled" custom, or ratification by an appropriate official. *Id.* at 974 ("Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy." (citation modified)); *see Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (noting that "where the petitioner is *pro se*, particularly in civil rights cases," the obligation of the court is "to construe the pleadings liberally and to afford the

petitioner the benefit of any doubt”). Accordingly, the Court dismisses Plaintiff’s *Monell* claim with leave to amend.

Finally, the Court does not have sufficient information to determine whether Defendants are immune from monetary relief and thus dismissal is not warranted under § 1915(e)(2)(B)(iii).

## III. CONCLUSION AND ORDER

For the foregoing reasons, Plaintiff’s Motion to Proceed *In Forma Pauperis* is **GRANTED**. Plaintiff’s Bane Act and *Monell* claims are dismissed for failure to state a claim on which relief may be granted pursuant to § 1915(e)(2)(B)(ii).[3] Within twenty-one (21) days of the date of this Order, Plaintiff may file an amended complaint.

**IT IS SO ORDERED.**

Dated: July 21, 2026

Hon. Dana M. Sabraw
United States District Judge

[3] Plaintiff’s Fourth Amendment and Failure to Intervene claims survive screening. However, as they are brought against the unnamed police officers, Does 1–10, the Court does not presently direct service.